## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

NEXBANK,

     Plaintiff,

v.

RESMAC, INC., ET AL.,

     Defendants.

Civil Action No. 3:24-CV-2458-D

## PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS

TO THE HONORABLE SIDNEY A. FITZWATER:

Plaintiff NexBank ("NexBank" or "Plaintiff") files this its Motion for Alternative Service of Process (the "Motion") and respectfully asks the Court to authorize alternative service of process on Defendant Kevin Heckemeyer ("Heckemeyer") and in support thereof would show the following:

### INTRODUCTION

1.     This action arises out of Defendant ResMac, Inc.'s ("ResMac") breach of a certain Master Repurchase Agreement dated August 21, 2019 entered between ResMac, Inc. and NexBank (as amended, modified, or restated from time to time, the "Agreement") and Defendants Heckemeyer and JJ Zhang's ("Guarantors") breaches of their respective Guaranties dated August 21, 2019, in which the Guarantors each individually guaranteed ResMac's obligations to NexBank under the Agreement (each a "Guaranty" and collectively "Guaranties").

2.     On September 30, 2024, Plaintiff filed its Complaint in this matter [Dkt. 1].

3.     On October 14, 2024, a return of service regarding Defendant ResMac was filed with the Court [Dkt. 5], and on November 7, 2024, ResMac filed its original answer [Dkt. 8].

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS**     **PAGE 1**
HB: 4929-9682-9195.1

4.      On November 6, 2024, a return of service regarding Defendant JJ Zhang ("Zhang") was filed with the Court [Dkt. 6], and Zhang filed his original answer on November 7, 2024 [Dkt. 7].

5.      However, Plaintiff has been unable to successfully serve Defendant Heckemeyer.

6.      After filing suit, Plaintiff retained a private process service company to effect service on Heckemeyer. As reflected in the Affidavit of Non-Service by process server Erick Maillard ("Maillard") of Special Delivery Service, Inc. ("Special Delivery"), attached hereto as Exhibit A, Mr. Maillard attempted to personally serve Heckemeyer four (4) times over a two-week period at the residence of Heckemeyer. None of the attempts were successful.

7.      Consequently, Plaintiff requested that its private process service company effect service on Heckemeyer via Certified Mail Return Receipt Requested, as shown in the Affidavit of Attempted Service by Certified Mail by process server Jeremy Lee Wilson ("Wilson") of Special Delivery, attached hereto as Exhibit B. The attempt to serve Heckemeyer via Certified Mail Return Receipt Requested was unsuccessful.

8.      Upon information and belief, Defendant Heckemeyer is aware of the lawsuit and the claims against Defendants ResMac, Zhang, and himself, as Heckemeyer is the President and chief executive officer of ResMac. Heckemeyer's roles as President and CEO of ResMac is evidenced by a ResMac 2024 filing with the Florida Secretary of State, dated April 26, 2024, *i.e.*, a 2024 Florida Profit Corporation Annual Report for ResMac, Inc (the "2024 Annual Report"). *See* Exhibit C. The 2024 Annual Report contains an electronic signature from Kevin Heckemeyer, certifying that the information on the report is true and accurate, that he is an officer or director of ResMac, Inc., and that his electronic signature shall have the same legal effect as if made under oath. *See id.* The 2024 Annual Report further shows an address associated with Mr. Heckemeyer

that is also the address identified as ResMac, Inc.'s principal place of business. The address is: 1500 Gateway Blvd, Suite 220, Boyton Beach, FL 33426.

9.      Accordingly, Plaintiff asks the Court to authorize Plaintiff to perform alternative service of process on Defendant Kevin Heckemeyer under Texas Rule of Civil Procedure 106(b)(2) by either (i) mailing a copy of the summons and Complaint by U.S. first class mail, no receipt required, to 1500 Gateway Blvd., Suite 220, Boyton Beach, FL 33426, or, alternatively, (ii) e-mailing a copy of the summons and Complaint to "kh@resmac.com"—Heckemeyer's ResMac, Inc. business e-mail address.

## ARGUMENTS AND AUTHORITES

10.      The Federal Rules of Civil Procedure ("FRCP") authorize service on individuals within a judicial district of the United States in accordance with the state law rules imposed where the subject district court resides. *See* FED. R. CIV. P. 4(e)(1). Specifically, FRCP 4(e)(1) states that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." *Id.* Therefore, Texas law is applicable for the service of Defendant Heckemeyer in this case.

11.      Texas law provides that service may be effected by delivering to the defendant in person, or by mailing to defendant by registered or certified mail, return receipt requested, a copy of the citation and a copy of the petition. TEX. R. CIV. P. 106(a)(1),(2). Upon motion supported by sworn statement, the court may authorize service (1) by leaving a copy of the citation and a copy of the petition with someone sixteen years of age or older at the location provided in the affidavit, or (2) in any other manner the court finds will be reasonably effective to give notice based on the affidavit and other evidence, "including electronically by *social media, email, or other technology*." *See* TEX. R. CIV. P. 106(b) (emphasis added). The supporting statement must state any location where the defendant can probably be found and the specific facts showing that

traditional service pursuant to Texas Rules of Civil Procedure 106(a)(1) *or* (a)(2) have been attempted but were unsuccessful. *See id*; *see also Taylor v. El Centro Coll.*, No. 3:21-CV-999-D-BH, 2022 WL 581812, at *2 (N.D. Tex. Feb. 25, 2022), *aff'd*, No. 3:21-CV-0999-D, 2022 WL 837210 (N.D. Tex. Mar. 21, 2022).

12.     Here, Plaintiff attempted service pursuant to Texas Rules of Civil Procedure 106 (a)(1) and (a)(2), but both methods of service were unsuccessful.

13.     The affidavit of Plaintiff's process server, Maillard of Special Delivery, set forth details of his attempts to serve Defendant in person at varying dates and times. *See* Ex. A. For example, Maillard's Affidavit of Non-Service states that:

- On October 7, 2024 at 5:30 PM, he attempted service of Heckemeyer at 185 NE 4th Ave., Apt. 312, Delray Beach, Florida 33483, including an unsuccessful attempt to contact Heckemeyer through the property's callbox. *See* Ex. A.

- On October 10, 2024 at 7:00 PM, he attempted service of Heckemeyer at 185 NE 4th Ave., Apt. 312, Delray Beach, Florida 33483, including an unsuccessful attempt to contact Heckemeyer through the property's callbox. *See* Ex. A.

- On October 17, 2024 at 7:30 PM, he attempted service of Heckemeyer at 185 NE 4th Ave., Apt. 312, Delray Beach, Florida 33483, including an unsuccessful attempt to contact Heckemeyer through the property's callbox. *See* Ex. A.

- On October 22, 2024 at 9:00 AM, he attempted service of Heckemeyer at 185 NE 4th Ave., Apt. 312, Delray Beach, Florida 33483, including an unsuccessful attempt to contact Heckemeyer through the property's callbox. *See* Ex. A.

14.     The affidavit of Plaintiff's process server, Wilson of Special Delivery, set forth details of his attempt to serve Heckemeyer by delivering by Certified Mail, Return Receipt

Requested, a copy of Heckemeyer's summons and the Complaint. *See* Ex. B, p. 1. Specifically, on November 8, 2024, Wilson prepared an envelope for service via Certified Mail, Return Receipt Requested, with tracking number 9436011898765481494720. *See id.* Wilson further states that he placed true and correct copies of the summons and Complaint in the envelope, sealed it, applied proper postage, and placed said envelope into an authorized postal receptacle for delivery to Heckemeyer's address at 185 NE 4th Ave., Apt. 312, Delray Beach, Florida 33483. *See id.* However, Wilson states that he did not receive a Return Receipt, presuming such is lost. *See id.*

15.    Accordingly, Plaintiff has made unsuccessful attempts to serve Defendant under both Texas Rules of Civil Procedure 106 (a)(1) and (a)(2), and requests that the Court authorize Plaintiff to effectuate service of Defendant via alternative methods of service that will be reasonably effective to give notice.

16.    Specifically, Plaintiff requests that the Court grant its Motion and authorize Plaintiff to perform substituted service upon Defendant Heckemeyer by either (i) mailing a copy of the summons and Complaint by U.S. first class mail, no receipt required, to 1500 Gateway Blvd., Suite 220, Boyton Beach, FL 33426, which is ResMac, Inc.'s principal place of business and the address identified as the address of ResMac's President and CEO, Kevin Heckemeyer, or, alternatively, (ii) e-mailing a copy of the summons and Complaint to Heckemeyer's business e-mail address: kh@resmac.com.

17.    Plaintiff further request that proof of service in the form of an affidavit or declaration by the process server reflecting such service shall suffice as proof of service of the Complaint and summons on Defendant Heckemeyer.

Dated: December 31, 2024

Respectfully submitted,

*/s/ Javon L. Johnson*
Richard A. Illmer
Texas Bar No. 10388350
Javon L. Johnson
Texas Bar No. 24120929
**Husch Blackwell LLP**
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
rick.illmer@huschblackwell.com
javon.johnson@huschblackwell.com
Phone: (214) 999-6100
Fax: (214) 999-6170

**ATTORNEYS FOR PLAINTIFF NEXBANK**

## CERTIFICATE OF SERVICE

I certify that on December 31, 2024, a copy of the foregoing was electronically filed with the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

*/s/ Javon L. Johnson*
Javon L. Johnson