IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEXBANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-2458-D |
| | § | |
| RESMAC INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff NexBank's December 31, 2024 motion for alternative service of process is granted in part and denied in part.

I

NexBank has established in a manner that complies with the requirements of Tex. R. Civ. P. 106(b) that it has attempted unsuccessfully to serve the summons and complaint on defendant Kevin Heckemeyer ("Heckemeyer") and that service by U.S. first class mail, no receipt required, addressed to ResMac, Inc. and Heckemeyer's business address, 1500 Gateway Blvd., Suite 220, Boyton Beach, FL 33426, "will be reasonably effective to give [Heckemeyer] notice of the suit." Rule 106(b)(2).

Accordingly, the court authorizes NexBank to serve Heckemeyer with the summons and complaint by U.S. first class mail, no receipt required, addressed to ResMac, Inc. and Heckemeyer's business address, 1500 Gateway Blvd., Suite 220, Boyton Beach, FL 33426.

Proof of service in the form of an affidavit or declaration by the process server reflecting such service shall suffice as proof of service of the complaint and summons.

II

The court declines, however, to authorize NexBank to serve Heckemeyer by email. There is no indication in the record that Heckemeyer can be reached at the email address that NexBank identifies. NexBank has therefore failed to demonstrate that this method of service "will be reasonably effective to give [Heckemeyer] notice of the suit." Rule 106(b)(2); *see* Rule 106 comment to 2020 change ("In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology."); *see also LaRose v. REHJ, Inc.*, 2018 WL 6521804, at *1, n.2 (Tex. App. Dec. 12, 2018) (mem. op.) ("However, neither the declaration attached to the motion nor any other evidence in the record establishes that e-mail to the stated address 'will be reasonably effective to give the defendant notice of the suit.' TEX. R. CIV. P. 106(b)(2). Thus the record does not support service by e-mail as a valid method of service under rule 106."); *CT Cash LLC v. Anns Boyz Logistics Inc.*, 2023 WL 8816379, at *4 (N.D. Tex. Dec. 19, 2023) (Horan, J.) ("Courts have allowed service by email when '(1) the plaintiff made diligent efforts to effect traditional service at a physical address and (2) the defendant recently used the email address.'").

Accordingly, NexBank's December 31, 2024 motion for alternative service of process is granted in part and denied in part.

**SO ORDERED**.

January 3, 2025.

                                        SIDNEY A. FITZWATER
                                        SENIOR JUDGE